**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0481-19T4

EPCO SERVICES, INC.,

      Plaintiff-Respondent,

v.

BRIGHTSTAR HOSPITALITY,
LLC, and JAYENDRA C. PATEL,

      Defendants-Appellants.

_____

            Argued November 13, 2019 – Decided November 25, 2019

            Before Judges Fisher and Gilson.

            On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000112-18.

            Patrick J. Galligan argued the cause for appellants (Donnelly Minter & Kelly LLC, attorneys; Patrick J. Galligan, of counsel and on the brief; Patrick J. Galligan, Laura Elizabeth Dallago and Jared James Limbach, on the brief).

            Martin M. Newmark argued the cause for respondent (Porzio Bromberg & Newman PC, attorneys; Martin M. Newmark, on the brief).

PER CURIAM

By way of a December 2, 2013 contract, plaintiff Epco Services, Inc. (seller) agreed to convey to defendant Brightstar Hospitality, LLC (buyer), for the price of $2,250,000, real property located on Route 10 in Hanover Township. Their contract allowed the buyer seventeen months to secure governmental approvals and permits needed to develop the property; the contract's May 2, 2015 closing date was declared "time of the essence" and could not be extended without seller's consent.

Even though the contract called for a closing so far in the future – seventeen months away – the parties entered into numerous agreements to extend the closing date for another twenty-four months. The first such agreement allowed not only an extension of the closing date but also an extension of the time within which buyer was required to meet both the contract's governmental approval and permit contingencies for nine months. Shortly before that extension expired, the parties agreed to another, which extended the time of the essence closing date to May 31, 2016; they did not, however, agree to extend the approval and permit contingencies at that time. In May 2016, an agreement was reached to extend the closing date to October 31, 2016.

A-0481-19T4

A fourth such agreement, which extended the closing date for another four months, also obligated the buyer to assume the cost of the real estate taxes, security fencing, and the seller's legal fees associated with that extension agreement; like the two prior extensions, the approval and permit contingencies were not extended. This fourth extension agreement unambiguously stated that if buyer failed to close on the new "time of the essence" closing date – February 28, 2017 – the seller

> will have the right to terminate the [c]ontract without regard to whether you have received the necessary [a]pprovals or [p]ermits or whether the appeal period for any such approvals or permits have expired. If the [c]ontract is terminated its reinstatement will call for a revised and increased [p]urchase [p]rice as well as other revised terms and conditions. We repeat, although the [c]ontract [c]ontingencies may or may not be satisfied by February 28, 2017[,] [buyer] will nevertheless be required to close by that date failing which the [c]ontract may be terminated by the [s]eller and of no further force or effect.

This agreement included the seller's caution that buyer "should not anticipate additional extensions."

The parties entered into two more extension agreements, all containing the same conditions and cautions expressed in the fourth; the last of these fixed May 5, 2017, as the time of the essence closing.

A-0481-19T4

Two weeks before that last closing date, the zoning board approved buyer's site plan, but buyer advised seller that it could not close on May 5, 2017, because "its 'lender' was unwilling to provide the financing necessary for [buyer] to close until the [s]ite [p]lan [a]pproval had been memorialized in a formal [r]esolution of [a]pproval." On May 9, 2017, seller advised the buyer that it had terminated the contract because of buyer's failure to close four days earlier; the seller's letter also reminded the buyer that the contract contained buyer's representation that financing was not required and that buyer had "the financial ability to pay the purchase [p]rice without financing," thus presenting another ground for termination.

In October 2018, seller commenced this action in the Chancery Division, seeking declaratory relief and damages. Buyer and its principal – defendant Jayendra Patel – filed a counterclaim, which contained three counts: breach of contract, unjust enrichment, and restitution. The seller moved for summary judgment and, on August 22, 2019, the chancery judge granted partial summary judgment in seller's favor on counts one and four of its complaint[1]; the judge also dismissed all three counts of buyer's counterclaim.

---

[1] Count one sought a declaration that seller was permitted to terminate the contract due to buyer's failure to timely close, and count four sought a
(continued)

A-0481-19T4

We granted leave to appeal to consider buyer's arguments that summary judgment should have been denied because: (a) "[m]aterial questions of fact regarding the meaning of the agreement at issue should have prevented the entry of summary judgment on the parties' declaratory and contract-related claims," and (b) "[buyer's] counterclaims for unjust enrichment and restitution are supported by competent proofs." After careful examination of the record in light of these arguments, we find no merit in buyer's arguments and affirm substantially for the reasons set forth in Chancery Judge Maritza Berdote-Byrne's thorough and well-reasoned written decision.

The buyer's opposition to the motion included only unspecific assertions based on conversations with seller's representative. The buyer's certification did not identify when the conversations occurred or what was said; the buyer merely asserted that those conversations lead to "an understanding that the closing date would continue to be extended and that [seller] would work with [buyer] to complete the sale." That type of "conclusory and self-serving assertion[]," Puder v. Buechel, 183 N.J. 428, 440 (2005), "without explanatory or supporting facts," cannot defeat a meritorious summary judgment motion. Hoffman v.

declaration that the contract termination accorded with the extension agreements. The other two counts, which remain unadjudicated, allege equitable fraud and buyer's breach of the implied covenant of good faith and fair dealing.

<u>Asseenontv.com, Inc.</u>, 404 N.J. Super. 415, 425-26 (App. Div. 2009). We agree that the buyer's conclusory response could not generate a genuine factual dispute. The evidence justifying seller's termination of the contract was so "one-sided" that summary judgment was properly granted. <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 533 (1995).

The order granting partial summary judgment is affirmed and the matter remanded for the disposition of the remaining issues. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0481-19T4